**RED SAPPHIRE, P.C.**
Ugonne Ndukwu Lord (S.B.N 293237)
1905 N. Wilcox Ave, Suite 150
Hollywood, California 90068
Telephone: (949) 502-2047
Facsimile: (949) 502-2047
*ulord@rsapphire.com*
*Plaintiffs' Counsel*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| JOSE GONZALEZ, GAMALIEL ARANDA, ARTURO ARZAMENDIA, PEDRO DIAZ, MICHELLE EJIOFOR, OLIVIA EJIOFOR, HANSEL HERNANDEZ, OSCAR LEMUS, MICHAEL MAENG, JOSUE SALAZAR, and PASQUALO SODANO<br><br>Plaintiffs,<br>vs.<br><br>APPLE INC., a California Corporation<br><br>Defendant. | Case No.:<br>_____<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT
i

1

## TABLE OF CONTENTS

2  **INTRODUCTION AND SUMMARY OF ACTION** ...........................................................1

3  **JURISDICTION AND VENUE** .........................................................................................2

4  **INTRADISTRICT ASSIGNMENT** .....................................................................................2

5  **THE PARTIES** ......................................................................................................................3

6  **FACTUAL ALLEGATIONS** ...............................................................................................4

7      I.    IPHONE AND IOS .................................................................................................... 4
       II.   APPLE'S FALSE CLAIMS REGARDING THE INTRODUCTION OF IOS UPDATES: ...................... 7
8      III.  APPLE SECRETLY INPUTS "THROTTLING" TECHNOLOGY IN ITS IOS UPDATES:.............. 8
       VI.   INDEPENDENT RESEARCH CONFIRMS APPLE INTENTIONALLY THROTTLED DEVICES: ..... 9
9      VII.  APPLE ADMITS TO INTENTIONAL INTERFERENCE OF DEVICES WITHOUT CONSENT: ...... 10

10 **CLASS ALLEGATIONS** .....................................................................................................12

11 **TOLLING OF APPLICABLE LIMITATIONS PERIODS** ...............................................16

12 **CAUSES OF ACTION** ........................................................................................................16

13 **COUNT I** ..............................................................................................................................16

14     TRESPASS TO CHATTELS ................................................................................................. 16

15 **COUNT II** .............................................................................................................................17

16     VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT ................................................ 17
       *18 U.S.C. § 1030(a), et seq.* ......................................................................................... 17

17 **COUNT III** ...........................................................................................................................18

18     VIOLATION OF CALIFORNIA'S COMPUTER DATA ACCESS AND FRAUD ACT ............... 18
       *California Penal Code § 502, et seq.* ......................................................................... 18
19

20 **COUNT IV** ............................................................................................................................19

21     VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW ............................................... 19
       *Cal. Bus. & Prof. Code § 17200, et seq.* ................................................................... 19

22 **REQUEST FOR RELIEF** ....................................................................................................22

23 **JURY TRIAL DEMAND** ....................................................................................................22

24

25

26

27

28

CLASS ACTION COMPLAINT

ii

COMES NOW Plaintiffs Jose Gonzalez, Gamaliel Aranda, Arturo Arzamendia, Pedro Diaz, Michelle Ejiofor, Olivia Ejiofor, Hansel Hernandez, Oscar Lemus, Michael Maeng, Josue Salazar, and Pasqualo Sodano individually and on behalf of others similarly situated who purchased, owned, used, or leased one or more of Apple's Devices[1], who hereby file this class action for damages and equitable relief against Apple, Inc. ("Apple") and alleges, based upon investigation of counsel and on information and belief, as follows:

## INTRODUCTION AND SUMMARY OF ACTIONS

1.      Apple is considered to be the world's leading technology company, which designs, manufactures, and markets personal computers and related personal computing and mobile communication Devices along with a variety of related software, services, peripherals, and networking solutions.

2.      iPhone has been the flagship product of Apple, which revolutionized the mobile experience of the masses. iPhone was initially launched in the year 2007 and thereafter, Apple has been launching its various models with upgrades from time to time. The Apple iPhone's user interface uses various versions of iOS operating systems designed by Apple, which are upgraded from time to time.

3.      Apple launched its iPhone 6 and iPhone 6 Plus variants on September 9, 2014; iPhone 6s and iPhone 6s Plus variants on September 25, 2015;  iPhone SE on March 31, 2016; and iPhone 7 and iPhone 7 Plus on September 16, 2016.

4.       This class action is brought against Apple for its fraudulent, unlawful, deceptive and intentional interference with the operation and performance of the Devices, which were updated with any of the iOS described below, and Apple's failure to disclose

[1] The term "Device(s)" is hereinafter defined as the following products designed, marketed, and sold by Apple: iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, and iPhone 7 Plus.

CLASS ACTION COMPLAINT

1

that it would purposefully slow down the performance of the Devices through such updates. The iOS affecting the Devices include the following iOS 10 and 11 updates: iOS 10.2.1, iOS 10.3, iOS 10.3.1, iOS 10.3.2, iOS 10.3.3, iOS 11.0.1, iOS 11.0.2, iOS 11.0.3, iOS 11.1, iOS 11.1.1, iOS 11.1.2, iOS 11.2, and iOS 11.2. Specifically, iOS 10.2.1 and iOS 11.2 shall be referred to as "iOS Updates."

5.    Instead of enhancing the performance of the Devices through these updates as Apple had initially claimed, the iOS Updates unlawfully hindered and interfered with the Devices' performance capabilities.

6.    By intentionally failing to disclose material facts, Apple disregarded the rights of the Plaintiffs and the class members.

7.    Due to Apple's unlawful, deceitful, and intentional actions, Plaintiffs and Class members have suffered economic loss and damages.

## JURISDICTION AND VENUE

8.    This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. 1332(d), because (1) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs, (2) there are more than 100 Class members, and (3) at least some members of the proposed Class have a different state citizenship from Apple.

9.    This Court has personal jurisdiction over Apple as it is headquartered in Cupertino, California, it conducts significant business activities within the state of California, and it purposefully avails itself of the privileges of conducting business within the Northern District of California (hereinafter, the "District".)

10.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Apple resides in this District and a substantial part of the events and acts giving rise to Plaintiffs' and Class members' claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

11.    Assignment to the San Jose Division of this District is proper pursuant to the Northern District of California Local Rule 3-2(c) and 3-2(e), since a substantial part of the

1   event giving rise to the claims originated from one of the counties served by the San Jose

2   Division.

3                                          **THE PARTIES**

4   **Plaintiffs**

5       12.     Plaintiff Jose Gonzalez, an individual, is a resident of the State of

6   California and acquired one or more Devices.

7       13.     Plaintiff Gamaliel Aranda, an individual, is a resident of the State of

8   California and acquired one or more Devices.

9       14.     Plaintiff Arturo Arzamendia, an individual, is a resident of the State of

10  California and acquired one or more Devices.

11      15.     Plaintiff Pedro Diaz, an individual, is a resident of the State of California

12  and acquired one or more Devices.

13      16.     Plaintiff Michelle Ejiofor, an individual, is a resident of the State of

14  California and acquired one or more Devices.

15      17.     Plaintiff Olivia Ejiofor, an individual, is a resident of the State of California

16  and acquired one or more Devices.

17      18.     Plaintiff Hansel Hernandez, an individual, is a resident of the State of

18  California and acquired one or more Devices.

19      19.     Plaintiff Oscar Lemus, an individual, is a resident of the State of California

20  and acquired one or more Devices.

21      20.     Plaintiff Michael Maeng, an individual, is a resident of the State of

22  California and acquired one or more Devices.

23      21.     Plaintiff Josue Salazar, an individual, is a resident of the State of California

24  and acquired one or more Devices.

25      22.     Plaintiff PJ Sedano, an individual, is a resident of the State of Nevada and

26  acquired one or more Devices.

27

28

**Defendants**

23.    Apple is a California corporation that has its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.

## FACTUAL ALLEGATIONS

### I.    iPhone and iOS

24.    Apple is considered to be the world's leading technology company which designs, manufactures, and markets personal computers and related personal computing and mobile communication Devices along with a variety of related software, services, peripherals, and networking solutions. Apple sells its products worldwide through its online stores, its retail stores, its direct sales force, third-party wholesalers, and resellers. The company's hardware products include the iPhone (smart phone), the iPad (tablet computer), the Mac (personal computer), the iPod (portable media player), the Apple Watch (smartwatch), the Apple TV (digital media player), the AirPods (wireless earbuds) and the HomePod (smart speaker).

25.    iPhone is the brand name for series of Smart Phones designed and marketed by Apple.  Though Apple designs, manufactures and markets various hardware products, iPhone has been the flagship product of Apple which revolutionized the mobile experience of the masses. iPhone gave such an immense popularity to Apple that Apple is known as an iPhone company. In Apple's fiscal third quarter 2019 earnings report, the iPhone represented 48.29% of Apple's revenue making the iPhone the largest single contributor of Apple's revenues.[2]  The wheels of Apple's growth revolve around the sales of its iPhones.

26.    The iPhone was initially launched in the year 2007 as a first-generation iPhone and thereafter, Apple has been launching its various models with upgrades from

[2] Chris Welch, *The iPhone now makes up less than half of Apple's business*, The Verge (July 30, 2019) https://www.theverge.com/2019/7/30/20747526/apple-q3-2019-earnings-iphone-services-ipad-mac-sales-china

CLASS ACTION COMPLAINT
4

1    time to time. Till date, Apple has released twelve generations of iPhone models, each

2    accompanied twelve major releases of the iOS operating systems.

3           27.     Apple requires all iPhones to use Apple's own operating system known as

4    iPhone Operating System, or more commonly iOS.  Using the iOS software is mandatory

5    for every iPhone user as Apple claimed and marketed it as more secure and user-friendly

6    than competing operating systems used by other mobile manufacturing companies. iPhone

7    consumers have no other choice but to use iOS.

8           28.     All iPhone users are effectively required to update the iOS software when

9    Apple releases new updates.  When an iOS update is available, Apple continuously sends

10   push notifications to iPhone devices until the iOS update is downloaded by the user.

11   Without updating the iOS, the iPhone becomes virtually useless overtime as applications

12   stop working, additional storage space is consumed, functionality problems begin,

13   technical support for older iOS versions are discontinued, and the iPhone becomes

14   susceptible to security vulnerabilities. iPhone users, including the Plaintiffs and Class

15   members, are therefore required to update to the latest iOS version should they wish to

16   continue the prolonged use of their phones.  Below is an example of the iOS 10.1.1

17   update notification, as shown in Exhibit 1:

18
19
20
21
22                                   
23
24
25
26
27
28

CLASS ACTION COMPLAINT

5

1      29.    Apple continuously marketed the integration between the iOS and the

2  hardware of the iPhone as being superior to their competitors alleging faster speeds and

3  greater efficiency.  On or about July 24, 2015, Apple began a marketing campaign entitled

4  "Why There's Nothing Quite like iPhone[3]." As a part of this campaign, Apple claimed that

5  their iPhones had "hardware and software that were designed to work with each other. And

6  enhance each other. By people who frequently see each other. That's how you make a

7  phone that works ridiculously well."[4]

8      30.    In actuality, the hardware in iPhones do not work "ridiculously well" with

9  the iOS software over the long term.  Within the first year that the iPhone 6 and 6s were

10  released to the public, iPhone users began to report sudden and unexpected shutdowns of

11  their phones.  By the fall of 2016, reports of several battery-related issues quickly grew as

12  users began to document the unexpected shutdown of their iPhones, even with a battery

13  range of 30%-40%+ remaining.[5] By November 2016, it was evident to Apple that these

14  defects were a serious issue expanding across multiple iPhones, including the Devices

15  subject to this class action. Thousands of Device users complained to Apple, as shown in

16  the 124-page thread on Apple's support communities regarding the issue.[6]

17      31.    Initially, Apple did not publicly acknowledge any of the Device users'

18  complaints.  Finally, on November 30, 2016 Apple admitted there was a problem causing

19  iPhones to "unexpectedly shut down."[7]  With that said, instead of fully disclosing the extent

20  of the iOS defect to Device users, Apple duplicitously downplayed the defect as only

21

22

23  [3] Eric Slivka, *Apple Launches "Why There's Nothing Quite Like iPhone' Web Campaign*,

24  MacRumors (July 24, 2015) https://www.macrumors.com/2015/07/24/nothing-quite-like-iphone-campaign/

25  [4] *Id*.

26  [5] Gordon Kelly, *Apple iOS 10.2.1 Has A Nasty Surprise*, Forbes (Jan. 24, 2017), https://goo.gl/8MefnM.

27  [6] *Id*

28  [7] *iPhone 6s Program for Unexpected Shutdown Issues*, Apple Support (November 30, 2016) https://support.apple.com/iphone6s-unexpectedshutdown

CLASS ACTION COMPLAINT

6

affecting "a very small number of iPhones 6s devices" "within a limited serial number range that were manufactured between September and October 2015."[8]

32.     Apple blamed worn out lithium ion batteries for such shutdowns and offered replacement of batteries for iPhone 6, 6 Plus, 6s, and 6s Plus devices at a discounted price.

33.     Apple knew, or should have known, this November 2016 statement was false based on the countless number of complaints by Device users.  These credible complaints were even made by those who owned the relatively new iPhone 7 models, a model which Apple never acknowledged could be affected by the shutdown defect.

**II.     Apple's False Claims Regarding the Introduction of iOS Updates:**

34.     Apple released its iOS 10.2.1 update on January 23, 2017 for the Devices.

35.     Apple claimed the iOS 10.2.1 update contained "bug fixes" and "improve[d] security" of the Devices, as shown in Exhibit 2. Publicly, Apple declared this software update had largely resolved the shutdown issues.



36.     Plaintiffs, including Class members, relied on Apple's assurances that the new iOS 10.2.1 would fix the issue causing their Device to abruptly shutdown.  They believed the update would increase the performance, efficiency, and security of their Device as Apple claimed.

[8] *Id*

37.     Apple never disclosed that hidden in the iOS 10.2.1 update was technology that would intentionally slow down, or "throttle", the Devices in the attempt to reduce the frequency of their abrupt shutdowns.

## III.    Apple Secretly Inputs "Throttling" Technology in its iOS Updates:

38.     Unbeknownst to Plaintiffs and Class members, Apple was hiding a much bigger defect.  The performance demands that the iOS software placed on the Devices' hardware created an incompatible failure that caused the Devices to unexpectedly shutdown.  This failure is hereinafter referred to as the "Defect."

39.     Instead of actually fixing the Defect, Apple decided to put a band-aide over the Defect by unlawfully throttling the performance of the Devices without the knowledge or consent of the Device users.  Apple surreptitiously masked technology in the 10.2.1 iOS update that would intentionally decrease the performance of the Devices in an effort to reduce the *frequency* of the Defect, which is a blatant violation of multiple federal and state laws.

40.     On December 2, 2017, Apple released another update known as iOS 11.2, as shown in Exhibit 3.  Once again, Apple told Device users that the update was for "bug fixes and improvements."



41.     Once again, Apple secretly and unlawfully imbedded throttling technology into the iOS 11.2 update without providing customers with any notice what-so-ever.

42.     After installing the updates, the Plaintiffs immediately noticed their Devices had slowed down considerably.  The performance of the Plaintiffs' Devices was significantly reduced despite the "improvements" Apple promised.

43.    On or about December 9, 2017, Reddit author TeckFire revealed that Apple was intentionally slowing down iPhones[9].  The public backlash was swift, immediate and unmistakable.

**VI.    Independent Research Confirms Apple Intentionally Throttled Devices:**

44.    After TeckFire's Reddit article was picked up by several news outlets, John Poole, the founder of benchmarking firm Primate Labs, collected data from thousands of Devices and posted his results on December 18, 2017.[10] The test results showed that an iPhone 6S operating iOS 10.2 pooled the expected performance peak without any hindrance. Upon the introduction of the iOS 10.2.1 update in January 2017, the data showed a significant decline in performance. These tests were repeated in the iOS 11.2 update with substantially similar results[11].

45.    Poole wrote: "The distribution of iPhone 6S scores for iOS 10.2.0 appears unimodal with a peak around the average score. However, the distribution of iPhone 6S scores for iOS 10.2.1 appears multimodal, with one large peak around the average and several smaller peaks around lower scores. Under iOS 11.2.0 the effect is even more pronounced."[12] Poole's findings are illustrated in the image shown below and attached as Exhibit 4:

//

//

//

---

[9] Original post archived on Pastebin: https://pastebin.com/JergYngQ; active reddit thread: https://www.reddit.com/r/iphone/comments/7inu45/psa_iphone_slow_try_replacing_your_battery/

[10] John Poole, *iPhone Performance and Battery Age*, Primate Labs (December 18, 2017), http://www.geekbench.com/blog/2017/12/iphone-performance-and-battery-age/
[11] *Id*
[12] *Id*



46.     Poole reported that, the results for the iPhone 7 show a similar pattern. With iOS 10.2, 10.2.1 and 11.1.2, the iPhone 7 results show one large peak at the average maximum performance expected of the iPhone.  But iPhone 7s running iOS 11.2 then show one maximum peak followed by three smaller peaks. Pool wrote - "The distribution of iPhone 7 scores under iOS 10.2.0, iOS 10.2.1, and iOS 11.1.2 appears identical. However, the distribution changes with iOS 11.2.0 and starts to look like the iPhone 6S distribution from 10.2.1." [13]

47.     On the basis of his studies, Poole opined that - "The difference between 10.2.0 and 10.2.1 is too abrupt to be just a function of battery condition. I believe (as do others) that Apple introduced a change to limit performance when battery condition decreases past a certain point."[14]

## VII.    Apple Admits to Intentional Interference of Devices Without Consent:

48.     The evidence published by Poole was insurmountable.  Two days after Poole published his findings, December 20, 2017, Apple admitted to one of the largest consumer frauds in history.  For the first time since Apple's deceptive throttling practices began,

[13] *Id*
[14] *Id*

1    Apple admitted that prior updates intentionally slowed the performance of the Devices.

2    Apple stated:

3        *Our goal is to deliver the best experience for customers, which includes*
         *overall performance and prolonging the life of their devices. Lithium—ion*
4        *batteries become less capable of supplying peak current demands when in*
         *cold conditions, have a low battery charge or as they age over time, which*
5        *can result in the device unexpectedly shutting down to protect its electronic*
6        *components.*

7
8        *Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to*
         *smooth out the instantaneous peaks only when needed to prevent the device*
9        *from unexpectedly shutting down during these conditions. We've now*
         *extended that feature to iPhone 7, with iOS 11.2, and plan to add support for*
10       *other products in the future.*[15]

11

12   49.   On December 28, 2017, Apple published a letter on its website further

13   admitting that it intentionally slowed down the performance of the Devices. Apple

14   apologized to customers for their deliberate actions.

15   50.   The opening statement of the said letter read:

16       *"We've been hearing feedback from our customers about the way we*
         *handle performance for iPhones with older batteries and how we have*
17       *communicated that process. We know that some of you feel Apple has let*
18       *you down. We apologize."*[16]

19

20   51.   In its letter, Apple further admitted that it interfered with the performance of

21   the Devices in the following statement:

22

23

24

[15] Shara Tibiken, *Apple admits slowing older iPhones, says it's to prevent battery issues*,
25   C/Net (Dec. 20, 2017) https://www.cnet.com/news/apple-slows-down-older-iphone-
26   battery-issues/#ftag=CAD-09-10aai5b

27   [16] Yoni Heisler, *Apple apologizes for throttling older iPhone models, cuts $50 off battery*
     *replacement program*, BGR (December 28, 2017), https://bgr.com/2017/12/28/iphone-
28   battery-apple-apology-letter-battery-replacement/

*"About a year ago in iOS 10.2.1, we delivered a software update that improves power management during peak workloads to avoid unexpected shutdowns on iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, and iPhone SE. With the update, iOS dynamically manages the maximum performance of some system components when needed to prevent a shutdown. While these changes may go unnoticed, in some cases users may experience longer launch times for apps and other reductions in performance. Customer response to iOS 10.2.1 was positive, as it successfully reduced the occurrence of unexpected shutdowns. We recently extended the same support for iPhone 7 and iPhone 7 Plus in iOS 11.2."[17]*

52.     Apple further announced a reduction in the price of an out-of-warranty iPhone battery from $79 to $29 for iPhone 6 or later models.[18]  However, Apple still did not disclosed the Defect to customers making Device users believe that simply purchasing a new battery would resolve the problem.  Additionally, Apple never gave an option to Device users to opt-out of the throttling their Devices or to uninstall the iOS versions that throttled their Devices.  Apple unlawfully interfered with the performance of Devices without ever giving Plaintiffs notice or viable options.

53.     Apple's intentional, wrongful, and deceptive material actions, representations, and omissions directly and proximately caused the interference and loss of value to Devices causing Plaintiffs and Class members to suffer economic harm as well as other harm.  Apple's reckless and wonton disregard for its customers is the direct cause of Plaintiffs' damages.

## CLASS ALLEGATIONS

54.     Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3), or (c)(4) individually and on behalf of the members of the following proposed classes:

[17] *Id*
[18] *Id*

CLASS ACTION COMPLAINT
12

> **All entities and individuals who have purchased or leased Devices, (i.e. the iPhone 6, 6 Plus, 6s, 6s Plus, SE, 7, 7 Plus) in the United States prior to December 20, 2017.**

55.     The following persons or entities are excluded from the above Class - (1) any Judge or Magistrate presiding over this action and members of their families; (2) The Defendant, Defendant's subsidiaries, its predecessors, and any entity in which Defendant or its directors have a controlling stake, including their current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

56.     The members of the above Class are current and/or past users of the Devices during the specified period. The Defendant maintains records of all owners of the Devices as Apple has provided each of them with a "unique hardware identifier" for their Device as well as "unique account identifiers" associated with the owner's Apple ID.  Therefore, the members of the above Class are identifiable from the records of the Defendant.

57.     **Numerosity:** Consistent with Federal Rule of Civil Procedure 23(a)(1), class members are so numerous and geographically dispersed that joinder of all members to this present action is impractical.  Plaintiffs believe there are tens of millions of Class members in the United States. Before the release of the iPhone 7, for example, it was reported that there were 50 million iPhone 6 users and 20 million iPhone 5 or earlier users.[19]

58.     **Commonality and Predominance**: Consistent with Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3), the present complaint raises the following questions of

[19] *U.S. iPhone Ownership Reaches All-Time High on Strength of iPhone 7*, Comscore 20 (April 19, 2017), https://www.comscore.com/Insights/Blog/US-iPhone-Ownership-Reaches-All-Time-High-on-Strength-of-iPhone-7

CLASS ACTION COMPLAINT

13

1    fact and law common to the Class members and these questions predominate over the

2    interests of the individual Class members.

3        a.  Whether Apple released iOS updates that throttled, or slowed down, the

4            performance of the Devices;

5        b.  Whether Apple failed to disclose that its iOS Updates would slow down the

6            performance of the Devices;

7        c.  Whether Apple's intentional throttling of the Devices interfered with its use

8            or lowered its value.

9        d.  Whether Apple fraudulently concealed the throttling of the Devices from

10           Plaintiffs and Class members;

11       e.  Whether Apple indulged in fraudulent misrepresentation in order to profit

12           from Plaintiffs and Class members by inducing them to purchase new

13           iPhones as replacements for their Devices;

14       f.  Whether Apple's unlawful acts caused injury to the Plaintiffs and the Class

15           members resulting in unjust enrichment to Apple;

16       g.  Whether Apple is liable for breach of contract entered into between Apple

17           and the Plaintiffs and Class members;

18       h.  Whether Apple's unlawful acts constitute Trespass to Chattel;

19       i.  Whether Apple violated the Computer Fraud and Abuse Act;

20       j.  Whether Apple violated California's Computer Data Access and Fraud Act;

21       k.  Whether Apple violated California's Unfair Competition Law;

22       l.  Whether the Plaintiffs and the Class members are entitled to statutory,

23           compensatory, and/or consequential damages from Apple;

24       m.  Whether the Plaintiffs and Class members are entitled to punitive damages

25           from Apple;

26       n.  Whether additional relief should appropriately be granted in favor of the

27           Plaintiffs and Class members;

28

CLASS ACTION COMPLAINT
14

59.     **Typicality:** Consistent with Federal Rule of Civil Procedure 23(a)(3), the Plaintiffs' claims are typical of the claims of the other members of the Class. The wrongful conduct of the Defendant has caused loss and injury to the Plaintiffs and the Class members.

60.     **Adequacy:** Consistent with Federal Rule of Civil Procedure 23(a)(4), the Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class and are committed to vigorously pursuing this matter against Apple on behalf of the Class.  The Plaintiffs have engaged competent counsel adequately experienced in litigation. The Plaintiffs are committed to diligently prosecuting the present complaint on behalf of all Class members without hesitation.

61.     **Superiority:**  Consistent with Federal Rule of Civil Procedure 23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Although the damages suffered by each individual Class member are relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual Class members to redress the wrongs done to each of them individually. Moreover, the burden imposed on the judicial system by individual litigation would be tremendous.

62.     This class action is fit for certification because the issue raised in the present class action are common to all the Class members, the questions of law or fact common to Class members predominate over any questions affecting only individual members, and that the present class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Due to numerousness, joinder of all Class members is impracticable. This class action will have benefits of economies of scale, better management, single adjudication and comprehensive supervision of a single court. If separate complaints are filed, inconsistent or varying adjudications with respect to individual Class members would establish incompatible standards of conduct for the Defendant. Moreover, the Defendant has acted on grounds that apply generally to the Class

1  and that the final injunctive relief or corresponding declaratory relief is appropriate

2  respecting the Class as a whole.

3  63. The Plaintiffs reserve the right to alter, amend or modify any of the

4  submissions, allegations, contentions and definitions if it becomes necessary due to

5  additional investigation, discovery, or otherwise.

6  **TOLLING OF APPLICABLE LIMITATIONS PERIODS**

7  64. Apple had intentionally concealed its unlawful acts of throttling the

8  Plaintiffs' and Class members' Devices without their knowledge or consent. The Plaintiffs

9  had no way to discover the fraudulent concealment by the Defendant and therefore could

10  not bring a claim. Consequently, Apple is prevented from asserting any statute of

11  limitations defence due to its intentional concealment.

12  **CAUSES OF ACTION**

13  **COUNT I**

14  **TRESSPASS TO CHATTELS**

15  **(On behalf of the Plaintiffs and the Class)**

16  65. California law prohibits the intentional intermeddling with personal property

17  in possession of another without consent, which results in either i) the deprivation of the

18  use of personal property, or ii) the impairment of the condition, quality, or usefulness of

19  the property.

20  66. As per Apple's representation, iOS 10.2.1 was designed only for fixing

21  "bugs" and "improving security" of the Devices. The same was claimed by Apple

22  regarding iOS 11.2 as well as the introduction of Apple Pay Cash. There was no

23  representation, notice, or disclaimer by Apple regarding diminishing the performance of

24  the Devices. Apple urged Plaintiffs and Class members to install these updates on their

25  Devices. Relying upon the representation of Apple, Plaintiffs and the Class members

26  installed the iOS 10.2.1 and 11.2 updates on their devices.

27

28

67.     However, Apple deliberately and surreptitiously imbedded throttling software in the iOS Updates that impaired the condition, quality, and usefulness of the Devices without the knowledge or consent of Plaintiffs or Class members.

68.     Apple acted intentionally because it knew that Plaintiffs and Class members were downloading software to their Devices that reduced the performance of the Devices. Plaintiffs and Class members never consented to the installation of software that would diminish their Devices' performance.  Rather, Apple deceived them into believing these updates would improve the performance of their Devices.

69.     The intentional and unauthorized interference by Apple of the Devices caused substantial loss and injury to the Plaintiffs and the Class members as Plaintiffs' livelihoods depend on the full use of their Devices. This includes, but is not limited to, employment, family emergencies, loss of time caused by the Defect, etc.  The total loss is incalculable, however, it could have been prevented but for the actions of the Defendant. Apple's interference with their Devices was the actual, direct, and proximate cause of their injury.

70.     The concealment of throttling software in the iOS Updates constitutes deception for the purpose of unlawfully gaining access to the Devices.

71.     Plaintiffs seek punitive damages because Apple's trespass was committed from wanton or malicious motives, or reckless disregard of the rights of Plaintiffs and Class members, for the purpose of concealing the Defect.

## COUNT II

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

## 18 U.S.C. § 1030(a), *et seq*.

## (On behalf of the Plaintiffs and the Class)

72.     The Plaintiffs reiterate the allegations made in the preceding paragraphs and incorporate the same herein by this reference

73.     Pursuant to 18 U.S.C. § 1030(a)(5)(A), it is unlawful for any person, firm, corporation or association, or any employee thereof to knowingly cause the transmission

CLASS ACTION COMPLAINT

17

of a program, information, code, or command that intentionally causes damage without authorization to a protected computer. As defined in 18 U.S.C. § 1030(e)(2)(B), the Devices are protected computers.

74.     Apple sent the iOS Updates to Plaintiffs' and Class members' Devices knowing that they contained code that would diminish, or throttle, the performance of their Devices.  Apple included the throttling technology in the iOS Updates in order to compensate for the Defects they failed to disclose to its customers.  By failing to disclose to Plaintiffs and Class members material information concerning the iOS Updates, informed consent did not exist.

75.     By transmitting the iOS Updates to Plaintiffs and Class Members, Apple intentionally caused unauthorized damage to the Devices by preventing the Devices from operating as represented, warranted, and advertised. These intentional acts violate 18 U.S.C. § 1030(a).

76.     As a result of Apple's conduct, Plaintiffs and Class members lost material value, function, and use of their Devices resulting in economic loss.  Additionally, Plaintiffs and Class members were required to expend material sums of money or value to repair and/or replace their Devices with fully functioning and performing phones.

## COUNT III

## VIOLATION OF CALIFORNIA'S COMPUTER DATA ACCESS AND FRAUD ACT

### California Penal Code § 502, *et seq*.

### (On behalf of the Plaintiffs and the Class)

77.     The Plaintiffs reiterate the allegations made in the preceding paragraphs and incorporate the same herein by this reference.

78.     Pursuant to Cal. Penal Code § 502, liability may be imposed on any person who "knowingly accesses and without permission adds, alters, damages, deletes, or destroys any data, computer software, or computer programs which reside or exist internal

or external to a computer, computer system, or computer network."[20]   Additionally, liability may be imposed to any person who "knowingly and without permission disrupts or causes the disruption of computer services or denies or causes the denial of computer services to an authorized user of a computer, computer system, or computer network."[21]

79.    By pushing the iOS Updates to the Devices, such transmission and subsequent download created "access" to the Devices as required by the code. Apple failed to disclose to the Plaintiffs and Class members that the iOS Updates contained throttling technology that would diminish the performance of their Devices.  Consequently, the Plaintiffs and Class members were unable to consent to these changes.

80.    Instead of disclosing the Defects to the Plaintiffs and Class members, Apple surreptitiously hid the throttling technology in the iOS Updates, which immediately devalued the Devices and caused disruption of consumer services.

81.    As a result of Apple's conduct, Plaintiffs and Class members lost material value, function, and use of their Devices resulting in economic loss.   Additionally, Plaintiffs and Class members were required to expend material sums of money or value to repair and/or replace their Devices with fully functioning and performing phones.

## COUNT IV

## VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

### Cal. Bus. & Prof. Code § 17200, *et seq*.

### (On behalf of the Plaintiffs and the Class)

82.    The Plaintiffs and Class members reiterate the allegations made in the preceding paragraphs and incorporate the same herein by this reference.

83.    Apple's software agreement requires application of California law. Consequently, Plaintiffs' are entitled to assert this cause of action on behalf of themselves

[20] Cal. Penal Code § 502(c)(4)
[21] *Id*. § 502(c)(5)

CLASS ACTION COMPLAINT
19

and the Class for Apple's violation of Cal. Bus. Code § 17200, et seq (hereinafter, the "UCL.")

84.     The UCL prohibits unfair competition that is unlawful, unfair, or a fraudulent business act or practice.[22]

85.     Apple had sold the Devices to the Plaintiffs and Class members for valuable consideration after having had made several representations through its advertising campaigns that the Devices had the best processors for optimum performance. Apple always represented its Devices as different from others by using catchphrases like – "There is an iPhone and there are other phones." Apple promised the Plaintiffs and Class members through its continuous advertising campaigns that the Devices were superior in quality and performance as compared to their competitors.

86.     However, Apple failed to live up to its promises by knowing manufacturing, selling, and distributing Devices with Defects causing unexpected shutdowns.  Therefore, Apple misled the Plaintiffs and Class members by continuing to market false and deceptive advertisements, which caused loss to them by selling defective Devices for a considerable price.

87.     Apple, unlawfully and to gain an unfair advantage, introduced software in its iOS 10.2.1 and 11.2 intending to throttle the performance of the Devices without the consent of the Plaintiffs and Class members. Consequently, Apple caused financial loss to the Plaintiffs and Class members.

88.     The "unlawful" prong of the UCL is violated whenever there is "any business practice that violate[s] an independent statutory duty."[23]

89.     Through these acts, Apple has violated California's Computer Data Access and Fraud Act thereby violating the "unlawful" prong of the UCL and through Apple's intentional concealment of Defects, Apple has also violated California common law.

[22] Cal. Bus. Code § 17200
[23] Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 973 P.2d 527, 549 (Cal. 1999)

CLASS ACTION COMPLAINT
20

90.     Apple's conduct violated the "unfair" prong of the UCL because it was immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiffs and Class members. Apple's practice was also contrary to legislatively declared public policy and the harm it caused to consumers outweighed its utility, if any.

91.     Other "unlawful" and "unfair" acts committed by Apple include:

a.     Manufacturing, advertising, and selling Devices with known Defects resulting in the Devices not operating as advertised and warranted.

b.     Failure to notify Plaintiffs or Class members of the known Defects in Devices resulting in the sales of Devices obtained without consumers' fully informed consent.

c.     Developing iOS Updates that hide the Defects by throttling the Devices to perform at significantly reduced speeds instead of developing technology to resolve the Defect or informing the public of the Defect.

d.     Surreptitiously embedding throttling technology in the iOS Updates for the purpose of interfering with the Devices by reducing their performance speeds.

e.     Profiting from the use of throttling technology that resulted in Plaintiffs and Class members spending additional money on repairs or replacing their Devices.

92.     As a direct result of Apple's unlawful and unfair acts, the Plaintiffs and Class members suffered monetary losses due to their devalued Devices as well as being required to purchase new batteries and/or iPhones not affected with intentional throttling.

93.     Plaintiffs, individually and on behalf of the Class members are entitled to seek an order enjoining Apple from committing such unfair business practices immediately and in the future; restitution for themselves and all Class members in connection with their Device purchase as well as iPhone batteries; and/or all applicable pre- and post-judgment interest. Plaintiffs also seek attorneys' fees and costs, for themselves and the Class, under Cal. Code Civ. Proc. § 1021.5.

1

2   **REQUEST FOR RELIEF**

3           WHEREFORE, Plaintiffs for themselves and on behalf of the proposed Class
respectfully request that the Court enter an order :

4           a)      Certifying this case as a Class action on behalf of the Class defined above,

5   appointing Plaintiffs as representatives of the Class and appointing their counsel as Class

6   counsel;

7           b)      Declaring that Apple's actions described above are in breach of its

8   contractual obligations, constitute a trespass to chattels and are violative of California's

9   False And Misleading Advertising Law;

10          c)      Enjoining Apple from continuing the unfair business practices detailed

11  above;

12          d)      Ordering Apple to pay such actual, statutory and punitive damages as

13  allowable by law;

14          e)      Ordering Apple to pay restitution of all the profits wrongfully obtained to

15  Plaintiffs and the other Class members,

16          f)      Ordering Apple to pay pre- and post-judgment interest on any and all

17  amounts awarded.

18          g)      Directing Apple to pay the attorneys' fees and costs of the present

19  complaint;

20          h)      Any such other relief as this Court deems just and equitable.

21                              **JURY TRIAL DEMAND**

22          Plaintiffs hereby demand a trial by jury on all issues so triable.

23  DATED: October 16, 2019                    Respectfully Submitted,

24

25                      */s/ Ugonne Ndukwu Lord*

26                      Ugonne Ndukwu Lord, Esq.
                        **RED SAPPHIRE, P.C.**

27                      *Attorneys for Plaintiffs*

28

CLASS ACTION COMPLAINT
22

# EXHIBIT 1



# EXHIBIT 2



# iOS 10.2.1
## Apple Inc.
### 67.4 MB

iOS 10.2.1 includes bug fixes and improves the security of your iPhone or iPad.

For information on the security content of Apple software updates, please visit this website:
https://support.apple.com/HT201222

## Download and Install

# EXHIBIT 3

 **iOS 11.2**
Apple Inc.
430.7 MB

iOS 11.2 introduces Apple Pay Cash to send, request and receive money from friends and family with Apple Pay. This update also includes bug fixes and improvements.

For information on the security content of Apple software updates, please visit this website:
https://support.apple.com/en-gb/HT201222

# EXHIBIT 4

